IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIONEL HOLLOWAY, | : | |
|     Petitioner, | : | 1:19-cv-0200 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

## **MEMORANDUM**

### **June 26, 2019**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on February 5, 2019, by Petitioner Lionel Holloway ("Holloway"), a federal inmate confined at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. (Doc. 1). Holloway challenges his sentence of fifteen years' imprisonment imposed by the United States District Court for the District of Maryland in the matter of *United States v. Holloway*, 1:09-cr-00363-JFM.

The Court has conducted preliminary review and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

---

[1] **Error! Main Document Only.** Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

I. **BACKGROUND**

Following an August 14, 2009, plea of guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the United States District Court for the District of Maryland sentenced Holloway to a fifteen year term of imprisonment. *United States v. Holloway*, 431 F. App'x 233, 233 (4th Cir. 2011); *see also* electronic docket, *United States v. Holloway*, 1:09-cr-00363-JFM found at https://ecf.mdd.uscourts.gov. On direct appeal, the Fourth Circuit affirmed the judgment of sentence concluding, *inter alia*, that "[t]he Armed Career Criminal Act mandated a sentence of at least fifteen years because Holloway had three previous convictions for serious drug offenses. 18 U.S.C. § 924(e)(1) (2006)." *United States v. Holloway*, 431 F. App'x 233 (4th Cir. 2011).

Holloway has twice sought relief *via* a motion pursuant to 28 U.S.C. § 2255, challenging the effectiveness of his counsel and seeking relief based on the Supreme Court of the United States' ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* electronic docket, *United States v. Holloway*, 1:09-cr-00363-JFM, Docs. 49, 59. The district court denied the motions. (*Id.* at Docs. 55, 64).

Holloway has twice filed motions for authorization to file successive applications for post-conviction relief in the United States Court of Appeals for the Fourth Circuit, and has twice been denied. (*Id.* at Doc. 64).

He files the instant petition alleging that his Armed Career Criminal designation is invalid as there "were not qualifying predicates to enhance pursuant to U.S.S.G. Section 4B1.4" and contends that trial counsel was ineffective for failing to investigate statutes governing his prior convictions. (Doc. 1, p. 6).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.).

The recognized exception to the general rule, that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, is "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. U.S.*, 307 F.3d 117, 120 (3d Cir. 2002) (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Holloway's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his sentence enhancement under the Armed Career Criminal Act. The Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi*). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Johnson fails to demonstrate that he falls within the *Dorsainvil* exception.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

The Court will enter an appropriate Order